UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JUANITA NOELLA BENAVIDEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **5:22-cv-00504** |
| **V.** | § | |
| | § | |
| **TINDALL CORPORATION, INC.,** | § | |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**

**NOW COMES** JUANITA NOELLA BENAVIDEZ, ("hereinafter called Plaintiff"), by and through her undersigned attorneys of record, and, in accordance with the Federal Rules of Civil Procedure, and Texas Rules of Civil Procedure files this, her Original Petition, against and complaining of and about TINDALL CORPORATION, INC. (hereinafter called "Defendant"), and for cause of action show unto the Court the following:

### I.

### DISCOVER CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3, pursuant to Rule 190.4 for the Texas Rules of Civil Procedure.

## II.

### SUMMARY

2.  On or about November 15, 202111, 2020, Plaintiff filed an U.S. Equal Employment Opportunity Commission (hereinafter, "EEOC") Charge of Discrimination against TINDALL CORPORATION, INC. for suffered discrimination on the basis of *race, sex national origin, discrimination, retaliation and wrongful termination.* under the Title VII of the Civil Rights Act of 1964. Defendant, TINDALL CORPORATION, INC. Moreover, Defendant, Tindall Corporation, violated Plaintiff's Due Process and Equal Protection as a County Employee. Moreover, Defendant violated Family Leave Act (FMLA) by wrongfully terminating the plaintiff after taking FMLA leave under the pretext of downsizing defendant's labor force. This action arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA") pursuant to 29 U.S.C §629, Plaintiff filed an U.S. Equal Opportunity Commission (hereinafter, "EEOC") Charge of Discrimination against TINDALL CORPORATION, INC. for discrimination suffered on the basis of sex, age, race, and retaliation under the Age in Employment Discrimination Act of 1976 and Title VI of the Civil Rights Act of 1964.

### III.

### PARTIES

3.  Plaintiff, JUANITA NOELLA BENAVIDEZ, is an individual, that is a citizen of the State of Texas.

4.      Plaintiff, JUANITA N. BENAVIDES, is an individual, that is citizen of the State of Texas.

5.      Defendant, TINDALL CORPORATION, INC., is a foreign corporation organized under the laws of the State of South Carolina, whose principal office is located at 2273 Haynes Street, Spartenburg, SC 29301-4927, may be served with process by serving it's registered agent of process, CT Corporation System, at 1999 Bryan St., St. Suite 900, Dallas, Texas 75021-3136 in Dallas County.

## IV.

### JURISDICTION AND VENUE

6.      Plaintiff asserts claims against Defendant for violations of Federal Law and the Texas Labor Code, thereby invoking the jurisdiction of this Court.

7.      On or about November 19, 2020, and within 180 days after Defendant removed her from the position, Plaintiff, Ms. JUANITA NOELLA BENAVIDEZ timely filed a Charge of Discrimination against Defendant with the appropriate administrative agencies, including the United States Equal Employment Opportunity Commission and the Civil Rights Division of the Texas Workforce Commission (hereinafter "TWC"), identified as charge number 451-2021-00468. *See* Exhibit No. 1.[1]

8.      On or about February 18, 2022, Plaintiff received a Notice of Right to File a Civil Action (hereinafter "Notice") from the EEOC and TWC. See, Exhibit No. 2

---

[1] See Exhibit No. 1, Charge of Discrimination to include the EEOC Form 5 (11/09), annexed hereto and incorporated by reference as if fully set forth herein.

9.      By filing a Charge of Discrimination, receiving her Notice, and filing suit within ninety (90) days of receiving her Notice, Plaintiff has complied with all conditions precedent and exhausted all applicable administrative remedies required by Federal Law prior to filing suit.

10.      The Federal Court additionally has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, Title VII of the Civil Rights Act of 1964 and said pleading is filed within the requisite ninety (90) days.

11.      Venue is also proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), or concurrent jurisdiction with Bexar County District Court because a substantial part of the events or omissions giving rise to the claims herein occurred in this District and Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state.

## V.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.      Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission. Plaintiff files this complaint within ninety (90) days after receiving a notice of the right to sue from the EEOC which was simultaneously filed with the Texas Workforce Commission Civil Rights. A copy of the notice of the right to sue is attached as Exhibit "No.2"[2].

---

[2] See Exhibit No. 2, Notice of Right to Sue Letter, annexed hereto and incorporated by reference as if fully set forth herein.

JUANITA N. BENAVIDES v. TINDALL CORPORATION, INC.

# VI.

## FACTS / FACTUAL ALLEGATIONS

**THE LEGAL THEORIES AND FACTUAL BASIS IN THIS MATTER WHICH ARE CONTAINED AND INCORPORATED IN THE EEOC FORMAL COMPLAINT AS IF ATTACHED HEREIN; TO INCLUDE BUT NOT LIMITED TO: CLAIMANT AND ALL PREVIOUS STATEMENTS, AFFIDAVITS AND DOCUMENTS PROVIDED IN EEOC CHARGE 451-2021-00468 BY OR THROUGH CLAIMANT OR RESPONDENT.** [3]

13.      Plaintiff, JUANITA NOELLA BENAVIDEZ is an employee within the meaning of Title VII and Loading and Shipping Supervisor Plaintiff is forty-four (44) years old, Hispanic American and previously employed TINDALL CORPORATION, INC., as a Loading and Shipping Coordinator. On or about July 14th, 2014, plaintiff was hired as a Dispatcher by Rodger Knox, Vice President. Sometime in the month of February 2016, Plaintiff was promoted by Mr. Knox to loading and Shipping Supervisor. On November 17, 2020 she was demoted by Mr. Robert Knox. When she asked why she was being demoted Mr. Knox response was that she will have more time to take care of everything until it gets really busy and will have time to take care of dispatch. On December 24, 2021, she was terminated from her employment. On or about December 28, 2020, Ms. Ellen Bassett, VP of Human Resources, informed plaintiff that her position was eliminated due to shipping remaining light. However, plaintiff believes these actions were discriminatory in nature because prior to my demotion and discharge I reported attendance and performance issues of one on her subordinates, Kelly Sullivan alone. I also brought this issue with HR and to Mr. Knox. Mr. Knox recommended to terminate Ms. Sullivan, however; that was not done. Also, on September 20, 2020,

---

[3] See Exhibit No. 3, Sworn Affidavit of JUANITA N. BENAVIDES, annexed hereto and incorporated by reference as if fully set forth herein.

plaintiff reported another incident to Ms. Bennett, Human resources. In this incident, Mr. Derreck Lovin, Plant Supervisor, Race-White, Sex-Male, National Origin American, yelled and cussed at her in front of employees and vendors. He also threatened that if she reported the incident, he was going to get her. Ms. Bennett scheduled two meetings and at the end of the second meeting, she recommended for both of us to work on our communication skills. Furthermore, plaintiff also believes Mr. Loving influenced Mr. Knox to demote her. On November 19, 2020, Ms. Abigale Zamot, local HR, directed plaintiff to sign a document. She refused to sign the document because it was not truthful of accurate. The content of this document she was accused of providing security camera access to family members. Plaintiff denied this accusation and refuted the allegations by pointing out she does not even have access security cameras nor its' footage/feed. Afterwards, plaintiff rebutted the document, she signed it. Plaintiff believes this was a mere pretext to terminate her since she had previously been on Family Medical Leave Act leave until December 18, 2020 believe it was another excuse to get rid of her which eventually the Defendant was able to do. After plaintiff was terminated, Ms. Rose Perez, Race-White, Sex- Female, while plaintiff is Hispanic Mexican; and that plaintiff was retaliated in violation for the Civil Rights Act of 1964 as amended and wrongfully discharged after being requested to work while on FMLA.

14.     Plaintiff filed a complaint of discrimination based on race, national origin, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

**VI.**

## FACTS OF DEFENDANT'S DISCRIMINATORY ACTIONS TAKEN AGAINST PLAINTIFF UNDER TITLE VII

15.    Plaintiff is, is of Hispanic Decent (National Origin), female. Plaintiff's job title is a Loading Shipping Supervisor, within the TINDALL CORPORATION, INC's San Antonio Division.

16.    Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. The Defendant has more than five hundred (500) employees.

17.    Mr. Roger Knox, Ms. Ellen Bassett and Derrick Lovin, Plaintiff's supervisors are employed by the Defendant as supervisors in Tindall Corporation, Inc.

18.    Plaintiff's supervisors are empowered by Defendant to take tangible employment actions against Plaintiff. As senior supervisors, the Defendant's employees exercised supervisory authority over Plaintiff, to include but not limited to 1) the authority to fire Plaintiff, 2) the authority to reassign Plaintiff to a position with significantly different responsibilities, the authority to significantly alter Plaintiff's benefits. Defendant's employees ultimately did those very things by denying the Plaintiff advancement, reassigning her to lesser positions, and creating a hostile work environment to cause the resignation or termination of Plaintiff.

19.     Defendant intentionally discriminated against Plaintiff because of her race, national origin, and sex in violation of Title VII by Defendant, by taking away Plaintiff's duties, without any corrective or disciplinary written paperwork, and by practicing acts of a discriminatory nature and intended to cause the Plaintiff to be terminated or resign her position rather than continue to face additional harassment and discriminatory practices which leads Plaintiff to claim that her civil service rights were violated.

20.     Defendant used the following discriminatory employment practices, policies, and rules in violation of Title VII: Plaintiff's chain of command failed to abide not only Defendant's own Human Resources Policy and Procedure but also dismissed other rules for hiring or employment actions. Although these practices, policies, and rules appear to be neutral, they serve to discriminate against a disproportionate number of persons of Plaintiff's race, sex, and national origin, and age.

21.     Defendant and Defendant's employees created a hostile work environment through its discriminatory words and actions towards Plaintiff because of Plaintiff's sex, national origin and race. This conduct was so severe that it altered the terms and conditions of Plaintiff's employment and interfered with Plaintiff's work performance and thereby created an intimidating, hostile, and offensive work environment.

22.     Defendant is directly liable because it was negligent in discovering and remedying the discriminatory conduct. Defendant intentionally discriminated against Plaintiff because of her race,

and sex in violation of Title VII by Defendant, by taking away Plaintiff's duties without any corrective or disciplinary written paperwork. Defendant was discriminatory in nature and intended to cause the Plaintiff to resign or be terminated rather than continue to face additional harassment and discriminatory practices, to which Plaintiff claims her civil service rights were violated.

23.     Defendant is strictly liable for Defendant's employee's discriminatory conduct because Defendant and Defendant's employees took a tangible employment action against Plaintiff that significantly changed Plaintiff's employment status. This ultimately led to Plaintiff being reassigned with significantly different responsibilities and Plaintiff's benefits were significantly changed ultimately desiring Plaintiff to resign or be subject to termination.

24.     Defendant is vicariously liable for Defendant's employee's discriminatory conduct. Defendant did not exercise reasonable care to prevent and promptly correct the discriminatory conduct, even though Plaintiff took advantage of Defendant's measures designed to prevent and correct discriminatory conduct.

A.     Sex Discrimination

25.     By and through her Original Complaint and attached affidavit Plaintiff pleads a *prima facie* case of gender discrimination and contends: To establish a prima facie case of gender-based

employment discrimination, the Plaintiff must show "(1) she is a member of a protected class; (2) she suffered applied or was eligible for consideration for job opening or position; (3) she was qualified but denied a job, or was discharged from a position; and (4) the position was filled by a person of the opposite gender or remained open and available."

26.    Plaintiff has asserted she is a female, Hispanic, and of Mexican Origin making Plaintiff a protected class.

27.    Plaintiff has asserted that she was qualified for the positions she held as a Loading and Shipping Supervisor within Tindall Corporation, Inc's San Antonio Division and removed from her position.

B.    Race/Color Discrimination

28.    By and through her Original Complaint, Mrs. Benavidez pleads a *prima facie* case of race/national origin discrimination and contends: To establish a *prima facie* case of race-based employment discrimination, the Plaintiff must show (1) he or she is a member of a protected class; (2) he or she was qualified for the position; (3) an adverse employment action occurred; (4) the employer gave preferential treatment to a similarly situated employee who is not in the protected class under nearly identical circumstances.

29.    Plaintiff has asserted, she is a female, Hispanic and of Mexican Origin making Plaintiff a protected class.

30.    Plaintiff has asserted that she was qualified for the positions she held, Loading and Shipping Supervisor within Defendant's San Antonio Division, demoted from her position, had less training opportunities from her employer TINDALL CORPORATION, INC.

31.    Plaintiff has had countless adverse employment action to include being demoted from her position, and she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action.

32.    Male and other members outside of her protected class were treated more favorably even though they had less seniority and were provided and/or issued new or better equipment, more training opportunities and ultimately another member outside of the protected class received the promotion with less seniority and less qualifications.

33.    All management positions currently held by Caucasian raced persons in management position at TINDALL CORPORATION, INC- San Antonio, Division

C.    Retaliation

34.    By and through her Original Petition, Plaintiff pleads a *prima facie* case of retaliation and contends (1) that she engaged in protected conduct and opposed unlawful conduct; (2) that she was illegally investigated and her duties altered; and (3) causal connection exists between her protected conduct and her demotion of duties and lack of promotion and eventual demotion.

35.    Plaintiff has asserted that she was qualified for the positions she held as a Loading and Shipping Supervisor within the Defendant's San Antonio, Division, she was demoted from her

position within TINDALL CORPORATION, INC and ultimately terminated under the pretext of reduction in labor force actions.

36.    Plaintiff has had countless adverse employment action to include she was demoted from a position she was otherwise qualified; and she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action. *See* Exhibit No.

37.    Male and other members outside of her protected class were treated more favorably even though they had less seniority were provided and issued new or better equipment, more training opportunities and ultimately another member outside of the protected class received the promotion with less seniority and less qualifications. *See* Exhibit No. 3.

D.    Hostile Work Environment

38.    Defendant created a hostile work environment in its words and actions of a supervisor, manager or coworker which negatively or severely impacted the Plaintiff's work ability to complete her work. In order to establish a hostile work-environment claim, a Plaintiff must prove five elements: (1) the employee belonged to a protected class; (2) the employee was subject to unwelcome harassment; (3) the harassment was based on [the protected class]; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Shepherd v. Comptroller of Pub. Accounts of Tex.*, 168 F.3d 871, 873 (5th Cir. 1999). Here, in this cause, Plaintiff is a woman,

and her age is forty-four (44) years old. The Plaintiff was subject to unwelcome harassment at the hands of Mr. Roger Knox, Ms. Ellen Bassett and Derrick Lovin. The harassment caused her demotion. The employer knew of the discriminatory action but failed to take action.

## X.

### DAMAGES

39.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

 a. Plaintiff was demoted and denigrated as a Loading and Shipping Supervisor resulting in lost promotions and other growth opportunities;

 b. Plaintiff suffered loss of her pension or retirement benefits;

 c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs;

 d. Pre-judgment and post-judgment interest at the highest rates allowed by law;

 e. Plaintiff seeks damages in an amount that is within jurisdictional limits of court; and

 f. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

## XI.

### ATTORNEY FEES AND COSTS

40.     Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

## XII.

### PRAYER

41.     For these reasons, Plaintiff asks for judgment against Defendant for the following:

a. affirmative action to hire, reinstate, or promote Plaintiff;

b. back pay;

c. front pay;

d. compensatory damages;

e. Punitive damages;

f. prejudgment interest on lost wages and benefits and post judgment interest on all sums, including attorney fees;

g. for reasonable attorney fees;

h. Costs of suit;

i. All other relief the Court deems appropriate.

Respectfully submitted,

THE JAKOB LAW FIRM, P.C.
TETCO CENTER
1100 N E Loop 410, Suite 200
San Antonio, Texas 78209
Tel.: (210) 226-4500
Fax: (210) 226-4502
Email: JJJ@diazjakob.com


By:_____

        **JASON J. JAKOB**
        State Bar No.: 24042933
        Attorney for Plaintiff,
        JUANITA NOELLA BENAVIDEZ


PLAINTIFF REQUESTS TRIAL BY JURY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JUANITA NOELLA BENAVIDES, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| V. | § |
| | § |
| TINDALL CORPORATION, | § |
| | § |
| *Defendant* | § |

_____

# Exhibit No. 1

# Charge of Discrimination EEOC Form 5 (11/09)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 451-2021-00468 |

| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| **MRS. JUANITA N BENAVIDEZ** | **(830) 888-0161** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **5023 FAWN LAKE DRIVE, SAN ANTONIO,TX 78244** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **TINDALL CORPORATION** | **501+** | **(210) 248-2345** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2222 WEST MALONE AVENUE, SAN ANTONIO, TX 78225** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN | Earliest: **11-17-2020**   Latest: **12-24-2020** |
| ☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**On July 14, 2014, I was hired as a Dispatcher by Roger Knox, VP.  In February 2016, I was promoted by Mr. Knox to Loading and Shipping Supervisor.  On November 17, 2020, I was demoted by Mr. Knox. When I asked why I was being demoted, Mr. Knox response was that I will have more to take care of everything until it gets really busy and I will have time to take care of dispatch.  On December 24, 2021, I was terminated from my position.  On December 28, 2020, Ms. Ellen Bassett, VP of Human Resources, informed me that my position was eliminated due to shipping remaining light.  However, I believe these actions were discriminatory in nature because prior to my demotion and discharge, I reported attendance and performance issues of one of my subordinates, Kelly Sullivan, Race - White, Sex - Female, and National Origin - American, to my supervisor, Gregg Elliott, and he told me to leave Ms. Sullivan alone.  I also brought this issue with HR and to Mr. Knox.  Mr. Knox recommended to terminate Ms. Sullivan, however; that was not done.  Also, on September 23, 2020, I reported another incident to Ms. Bennett, Human Resources.  In this incident, Mr. Derrick Lovin, Plant Supervisor, Race-White, Sex - Male, National Origin American, yelled and**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | *Janita Benavidez* |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| *Janita Benavidez* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2021-00468 |

| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

cussed at me in front of employees and vendors. He also threatened that if I reported the incident, he was going to get me. Ms. Bennett scheduled two meetings and at the end of the second meeting, she recommended for both of us to work on our communication skills. I also believe Mr. Loving influenced Mr. Knox to demote me. On November 19, 2020, Ms. Abigail Zamot, local HR, directed me to sign a document. I refused to sign the document because it was not truthful nor accurate. After I rebutted the document, I signed it.  In this document I was accused of providing security camera access to family members. I denied this accusation because I don't have access to the security cameras. I believe it was another excuse to get rid of me which eventually the Respondent was able to do. After I was terminated, Ms. Rose Perez, Race - White, Sex- Female, and National Origin - Hispanic, was placed in my position.

I believe I was discriminated because of my Race, White; Sex, Female; National Origin, Hispanic Mexican; and that I was retaliated in violation of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>*Juanita Benavidez*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |
| *Juanita Benavidez* | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.   FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2.   AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.   PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.   ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUANITA NOELLA BENAVIDES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | _____ |
| | § | |
| TINDALL CORPORATION, | § | |
| | § | |
| *Defendant* | § | |

# Exhibit No. 2

# Notice of
# Right to Sue Letter



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
San Antonio Direct Dial:  (210) 640-7530
FAX (210) 281-2522
Website:  www.eeoc.gov

Jason Jakob
Diaz & Jakob, PLLC
1100 N.E. Loop 410, Suite 200
San Antonio, TX 78209
jjakob@thejakoblaw.com

Re:     EEOC Charge:  451-2021-00468
        Charging Party:  Juanita Benavides
        Respondent:     Tindall Corporation

Dear Mr. Jakob:

Thank you for the additional information you submitted in response to our preliminary assessment of the evidence. We want to assure you that all the evidence submitted by you and the employer has been considered in our review of your case.

After a review of the additional information you provided, it is our assessment that further investigation is unlikely to result in a violation of the statutes we enforce.  As explained in our October 8, 2021 letter, the available information does not support a conclusion that Race, National Origin, Sex, and Retaliation discrimination were factors in your employment experiences.  While we realize that you have firm views that the evidence supports your position that your client was discriminated against, the final determination must comport with our interpretation of the available evidence and the laws we enforce.

Accordingly, we decline to take further action on the charge. Please find enclosed **Dismissal and Notice of Rights** that represents a final determination by the U.S. Equal Employment Opportunity Commission (EEOC) and describes your right to pursue the matter by filing a lawsuit in federal court within ninety (90) days of receipt of the dismissal notice.  If you fail to file a lawsuit within the statutory ninety (90) day period following receipt of our dismissal notice, your right to sue in federal court will expire and cannot be restored by EEOC.

You may wish to consider consulting private counsel who specializes in employment law about your employment experiences to determine whether you wish to initiate litigation and the likelihood of prevailing in any lawsuit you may file.  Your local bar association may be able to provide referrals to local attorneys.

Sincerely,

**Norma J. Guzman**
Norma J. Guzman

Digitally signed by
Norma J. Guzman
Date: 2022.02.18
11:38:33 -06'00'

02/18/2022
Date

Norma Guzman
Enforcement Supervisor

Enclosure:  Dismissal and Notice of Rights

SAFO DCL 2020



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

San Antonio Field Office
5410 Fredericksburg Road ,Suite 200
San Antonio ,Texas ,78229
(210) 281-2550
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Mrs. Juanita N. Benavidez
5023 Fawn Lake Drive
SAN ANTONIO, TX 78244

Charge No: 451-2021-00468

EEOC Representative and email:      Hector Colon-Padro
                                    Federal Investigator
                                    hector.colon-padro@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 451-2021-00468.

On Behalf of the Commission:

Norma J. Guzman

Digitally signed by Norma J. Guzman
Date: 2022.02.18 11:38:05 -06'00'

Norma Guzman
Acting Field Office Director

**Cc:**
Penny C Wofford
Attorney
Ogletree Deakins, et al.
Penny.Wofford@ogletree.com

Ellen Bassett
VP Human Resources
TINDALL CORPORATION
2273 Hayne Street
Spartanburg, SC 29301
Ellenbassett@tindallcorp.com

Jason Jakob
DIAZ & JAKOB, PLLC
1100 NE Loop 410, Suite 200
San Antonio, Texas78209
jjakob@thejakoblaw.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 451-2021-00468 to the Acting Field Office Director at Norma Guzman, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.